IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MALLINCKRODT INC. and LIEBEL-FLARSHEIM COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| E-Z-EM, INC., and ACIST MEDICAL SYSTEMS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF MALLINCKRODT INC. AND LIEBEL-FLARSHEIM COMPANY'S COMPLAINT FOR PATENT INFRINGEMENT

### THE PARTIES

1.      Plaintiff Mallinckrodt Inc. ("Mallinckrodt") is a corporation organized and existing under the laws of the State of Delaware having an address of 675 McDonnell Boulevard, Hazelwood, Missouri 63042.

2.      Plaintiff Liebel-Flarsheim Company ("L-F") is a corporation organized and existing under the laws of the State of Delaware having a place of business at 2111 East Galbraith Road, Cincinnati, Ohio 45212.  L-F is a wholly-owned subsidiary of Mallinckrodt.

3.      Upon information and belief, Defendant E-Z-EM, Inc. ("E-Z-EM") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1111 Marcus Avenue, Lake Success, New York 11042.

4.      Upon information and belief, Defendant ACIST Medical Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 7905 Fuller Road, Eden Prairie, Minnesota 55344.

## JURISDICTION

5.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over E-Z-EM and ACIST (collectively,

"Defendants") because Defendants have established minimum contacts with the forum by

purposefully availing themselves of the laws and benefits of the forum, and the exercise of

jurisdiction over the Defendants would not offend traditional notions of fair play and substantial

justice.  On information and belief, Defendants are both incorporated under the laws of the state

of Delaware and have voluntarily conducted business in the District of Delaware.

## VENUE

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (b) and (c) and/or

1400 because Defendants are incorporated under the laws of the state of Delaware and subject to

personal jurisdiction in the District of Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,512,434

8.      United States Patent No. 7,512,434 ("'434 patent"), entitled "Remotely Powered

Injector," was duly and legally issued on March 31, 2009, to Peter Staats and James E. Knipfer

II.  L-F owns and has full rights to sue and recover damages for infringement of the '434 patent.

A copy of the '434 patent is attached hereto as Exhibit 1.  Mallinckrodt is the implied exclusive

licensee of the '434 patent.

9.      The '434 patent is valid and enforceable.

10.     On information and belief, the Defendants make, use, offer to sell, and/or sell a

power injector under the name EmpowerMR.

2

11.     On information and belief, Defendants install their EmpowerMR injector in magnetic resonance imaging ("MRI") suites that have: i) a shielded magnet room having walls that include electromagnetic shielding; ii) an MRI system comprising a magnet that is located inside the magnet room; and iii) an AC power outlet located outside the magnet room. The Defendants also install the EmpowerMR injector so that it accesses and receives power from a power supply of the injector that is located outside the magnet room and that receives power from the AC power outlet. In addition, the Defendants install the EmpowerMR injector so that a power connection of the injector is configured to convey electrical power from the power supply into the magnet room and to a power head of the injector located in the magnet room. The Defendants also install the EmpowerMR injector so that the power connection includes a radio frequency filter.

12.     On information and belief, Defendants have infringed, and continue to infringe, contribute to infringement of, and/or induce infringement of, either literally or under the doctrine of equivalents, one or more claims of the '434 patent by making, using, offering to sell, and/or selling certain injector systems, including but not limited to injectors marketed under the name EmpowerMR.

13.     Defendants by their infringement of one or more claims of the '434 patent have caused Mallinckrodt and L-F damage for which remedies at law are inadequate, and Mallinckrodt and L-F will continue to suffer such damage and irreparable injury unless and until the infringement by Defendants is enjoined by this Court.

14.     The Defendants' infringement of one or more claims of the '434 patent has injured and will continue to injure Mallinckrodt and L-F, and Mallinckrodt and L-F are entitled to recover damages in an amount to be determined at trial for Defendants' infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mallinckrodt and L-F respectfully request that judgment be entered in favor of Mallinckrodt and L-F and against Defendants E-Z-EM and ACIST and pray that the Court grant the following relief to Mallinckrodt and L-F:

A.   A judgment that the Defendants have infringed, induced the infringement of, and/or contributed to the infringement of the '434 patent, and continue to infringe, induce the infringement of, and/or contribute to the infringement of the '434 patent;

B.   Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining the Defendants, their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement, contributory infringement, and inducement of infringement of the '434 patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe the '434 patent;

C.   Entry of a preliminary injunction enjoining the Defendants from infringing, contributorily infringing, and inducing infringement of the '434 patent, including but not limited to making, using, offering to sell, selling, or importing any products that the '434 patent.

D.   An award of all damages to compensate Mallinckrodt and L-F for the Defendants' infringement, contributory infringement, and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

DB02:8022528.1                                                                              068242.1001

E.     An award of prejudgment and post-judgment interest to Mallinckrodt and L-F pursuant to 35 U.S.C. § 284;

F.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by Mallinckrodt and L-F in this action; and

G.     Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Mallinckrodt and L-F hereby demand a trial by jury on all issues and claims so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
Megan C. Haney (No. 5016)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Robert G. Krupka, P.C.
Guy Ruttenberg
Allison Buchner
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA  90017
(213) 680-8400
rkrupka@kirkland.com
gruttenberg@kirkland.com
abuchner@kirkland.com

*Attorneys for Mallinckrodt Inc. and
Liebel-Flarsheim Company*

Dated: April 4, 2009

DB02:8022528.1

068242.1001