IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MALLINCKRODT INC. and LIEBEL-FLARSHEIM COMPANY,<br><br>Plaintiffs, | ) | Civil Action No. 1:09-cv-00228-JJF |
| E-Z-EM, INC., and ACIST MEDICAL SYSTEMS, INC.,<br><br>Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**MORRIS JAMES LLP**
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801-1494
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

**ALSTON & BIRD LLP**
Philippe Bennett
90 Park Avenue
New York, New York 10016
(212) 210-9400
philippe.bennett@alston.com

*Attorneys for Defendants E-Z-EM, Inc. and ACIST Medical Systems, Inc.*

April 24, 2009

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITES ..... ii

I. INTRODUCTION ..... 1

II. SUMMARY OF ARGUMENTS ..... 1

III. STATEMENT OF NATURE AND STAGE OF THE PROCEEDING AND STATEMENT OF FACTS ..... 2

A. Statement of Nature and Stage of the Proceeding ..... 2

B. Statement of Facts ..... 2

IV. LEGAL ANALYSIS ..... 3

A. Federal Rule 12(b)(6) ..... 3

B. Direct Patent Infringement Claim ..... 4

C. Claim for Inducing Infringement ..... 8

D. Claim for Contributory Infringement ..... 10

V. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964).....11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).....3

*Catapano v. Wyeth Ayerst Pharm., Inc.*,
88 F. Supp. 2d 27 (E.D.N.Y. 2000).....9

*DSU Med. Corp., Ltd. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006).....9

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
909 F.2d 1464 (Fed. Cir. 1990).....8, 11

*In re Papst Licensing GmbH & Co. KG Litigation*,
585 F. Supp. 2d 32 (D.D.C. 2008).....4, 5

*Judin v. United States*,
110 F.3d 780 (Fed. Cir. 1997).....4

*MacNeill Eng'g Co. v. Trisport, Ltd.*,
59 F. Supp. 2d 199 (D. Mass. 1999).....3, 11

*Manville Sales Corp. v. Paramount Sys., Inc.*,
917 F.2d 544 (Fed. Cir. 1990).....9

*Mc Zeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007).....5

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
360 F.3d 1295 (Fed. Cir. 2004).....4

*Ristvedt-Johnson, Inc. v. Peltz*,
No. 91 C 3273, 1991 WL 255691 (N.D. Ill. Nov. 18, 1991).....3, 9

*Shearing v. Optical Radiation Corp.*,
Nos. CV-S-93-850-DWH (LRL), CV-S-93-859-DWH(LRL) to CV-S-93-863-DWH(LRL),
CV-S-93-865-DWH(LRL) to CV-5-93-870-DWH(LRL),
1994 WL 38244 (D. Nev. Mar. 25, 1994).....4, 5, 9

**Cases** **Page(s)**

*TI Group Automotive Sys. (North America) Inc. v. VDO North America L.L.C.*,
No. C.A. 00-432-GMS, 2002 WL 484838 (D. Del. Mar. 7, 2002)....................................................4, 9

*Triune Star, Inc. v. Walt Disney Co.*,
No. 07-1256, 2008 WL 3849913 (C.D. Ill. Aug. 14, 2008) ..............................................................10

*United States v. Employing Plasterers Ass'n*,
347 U.S. 186 (1953)..........................................................................................................................3

*Water Technologies v. Calco, Ltd.*,
850 F.2d 660 (Fed.Cir.1988)..............................................................................................................8

**Rules and Statutes**

Fed. R. Civ. P. 8(a)(2).......................................................................................................................3

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 3, 4

35 U.S.C. § 271(b) ............................................................................................................................8

35 U.S.C. § 271(c) .......................................................................................................................10, 11

## I. INTRODUCTION

Defendants, E-Z-EM, Inc. and ACIST Medical Systems, Inc. (collectively "E-Z-EM"), by its attorneys Alston & Bird LLP and Morris James LLP, hereby move this Court for an Order Dismissing the Complaint in its entirety pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. SUMMARY OF ARGUMENTS

1. Plaintiffs, Mallinckrodt, Inc. and Liebel-Flarsheim Company, (collectively "LF") have failed to plead in their complaint all the essential elements that constitute the minimum pleading requirements for a claim of patent infringement.

2. With respect to their claim for direct patent infringement, Plaintiffs have failed to allege that Defendants make, use, import or offer for sale an alleged infringing product that embodies the claims of the patent-in-suit, which is necessary to state a claim of direct infringement. Instead, Plaintiffs allege only that Defendants "install" an injector product as part of a larger multi-component system, which system as a whole is alleged to infringe the patent-in-suit. As set forth in the case law, such an allegation does not even meet the barebones notice pleading requirement for a claim of direct infringement as set forth in Form 18 of the Federal Rules of Civil Procedure. Plaintiffs do not allege that the EMPOWERMR injector infringes the claims of the patent-in-suit on its own, because they cannot. On merely a cursory examination of the claims of the patent-in-suit, it is readily evident that an injector alone cannot infringe the claims of the patent-in-suit.

3. Further, Plaintiffs have failed to allege that Defendants had the requisite knowledge of the patent or knowledge that the alleged acts were infringing to state a claim for contributory infringement, and have failed to allege the additional necessary intent that must be asserted to properly allege a claim for inducement of infringement. Because these essential

elements of claims for contributory infringement and inducement of infringement are missing from the complaint, these claims must also fail. Plaintiffs have, thus, failed to state a claim for patent infringement upon which relief can be granted and the complaint should be dismissed in its entirety.

## III. STATEMENT OF NATURE AND STAGE OF THE PROCEEDING AND STATEMENT OF FACTS

### A. Statement of Nature and Stage of the Proceeding

On April 4, 2009, Plaintiffs filed a complaint in the United States District Court for the District of Delaware against Defendants (the "Complaint") alleging infringement of U.S. Patent No. 7,512,434 (the "'434 patent"). Defendants have not yet answered the Complaint.

### B. Statement of Facts

On April 4, 2009, Plaintiffs filed this Complaint in this action alleging infringement of the '434 patent. This patent issued on March 31, 2009, just four days prior to the filing of this action on April 4, 2009. (Court Docket No. 1, Ex. 1.)

Prior to service of the Complaint in this action on or about April 6, 2009, Defendants had not received any notice, nor had any knowledge of the patent-in-suit nor any alleged infringement thereof, despite the fact that the same parties are currently embroiled in a patent infringement litigation in the Eastern District of Texas, involving the same alleged infringing product, namely the EMPOWERMR injector. Plaintiffs had not previously advised Defendants of the '434 patent, nor of the pending application for this patent prior to its issuance. (Court Docket No. 1.)

## IV. LEGAL ANALYSIS

### A. Federal Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must also be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 555 (2007) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' ***requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do***." *Bell Atlantic Corp.*, 550 U.S. at 555-556 (internal citations omitted) (emphasis added).

Plaintiff must still *allege every essential element* of a claim in order to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See United States v. Employing Plasterers Ass'n*, 347 U.S. 186, 189 (1953); *MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201-02 (D. Mass. 1999) (despite liberal pleading standards of the Federal Rules, a plaintiff is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory); *Ristvedt-Johnson, Inc. v. Peltz*, No. 91 C 3273, 1991 WL 255691, at **3-4 (N.D. Ill. Nov. 18, 1991) (dismissing patent infringement claims for failure to state a claim). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp.*, 550 U.S. at 545, 555-56.

In the context of alleged patent infringement, it is proper for a court to dismiss a complaint where the plaintiff fails to allege elements of a claim or state facts sufficient that if proven true would entitle plaintiff to relief for infringement of the patent-in-suit. S*ee*, *e.g.*, *In re*

*Papst Licensing GmbH & Co. KG Litig.*, 585 F. Supp. 2d 32, 35 (D.D.C. 2008) (motion to dismiss granted for failure to allege sufficient elements of the claim); *Shearing v. Optical Radiation Corp.*, Nos. CV-S-93-850-DWH (LRL), CV-S-93-859-DWH(LRL) to CV-S-93-863-DWH(LRL), CV-S-93-865-DWH(LRL) to CV-5-93-870-DWH(LRL), 1994 WL 38244, at **1-2 (D. Nev. Mar. 25, 1994)(dismissing patent infringement claim under Federal Rule 12(b)(6) for direct and contributory infringement and inducement of infringement); *TI Group Automotive Sys. (North America) Inc. v. VDO North America L.L.C.*, No. C.A. 00-432-GMS, 2002 WL 484838, at *2 (D. Del. Mar. 7, 2002) (dismissing complaint for failure to state a claim).

As explained in *Papst*, a "patentee has a duty under Federal Rule of Civil Procedure 11 to conduct an adequate pre-filing investigation of the devices it accuses of infringement." *In re Papst Licensing*, 535 F. Supp. 2d at 35 n.2 (citing *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997)). The patentee's "attorney must interpret asserted claims of the patent and compare the accused device to the claims before filing an infringement suit." *Id.* (citing *Q-Pharma, Inc. v. Andrew Jergens Co*., 360 F.3d 1295, 1301 (Fed. Cir. 2004)). This basic fact finding is essential prior to filing the complaint such that adequate well-grounded facts can be alleged in the complaint that, if proven true, would be sufficient to entitle plaintiff to the requested relief. In this case, Plaintiffs have failed to allege in their Complaint all the necessary elements of their claims of infringement of the patent-in-suit, and thus, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**B. Direct Patent Infringement Claim**

As has been acknowledged by the Federal Circuit, the Federal Rules of Civil Procedure Form 18, which provides a sample complaint for patent infringement, meets the minimum pleading standard for a claim of direct infringement. This Form 18 requires that at least the following minimum allegations be pleaded:

(1) an allegation of jurisdiction;
(2) a statement that the plaintiff owns the patent;
(3) **a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'**;
(4) a statement that the plaintiff has given the defendant notice of its infringement; and
(5) a demand for an injunction and damages.

*Mc Zeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (emphasis added); *see also Shearing v. Optical Radiation Corp.*, 1994 WL 38244, at *2 (finding Plaintiff did not meet minimum pleading requirement of this Form – formerly entitled Form 16); *In re Papst Licensing*, 585 F. Supp. 2d at 35 (granting motion to dismiss patent claims).

Plaintiffs have failed to allege at least one of the essential elements set forth above. In their Complaint, Plaintiffs failed to, and indeed cannot, allege that Defendants ***have infringed the patent "by making, selling, and using [the device] embodying the patent.***"

The relevant Complaint paragraphs are set forth below:[1]

> 10. On information and belief, the Defendants make, use, offer to sell, and/or sell a power injector under the name EmpowerMR.
>
> 11. On information and belief, Defendants install their EmpowerMR injector in magnetic resonance imaging ("MRI") suites that have: i) a shielded magnet room having walls that include electromagnetic shielding; ii) an MRI system comprising a magnet that is located inside the magnet room; and iii) an AC power outlet located outside the magnet room. The Defendants also install the EmpowerMR injector so that it accesses and receives power from a power supply of the injector that is located outside the magnet room and that receives power from the AC power outlet. In addition, the Defendants install the EmpowerMR injector so that a power connection of the injector is configured to convey electrical power from the power supply into the magnet room and to a power head of the injector located in the magnet room. The Defendants also install the EmpowerMR injector so that the power connection includes a radio frequency filter.
>
> 12. On information and belief, Defendants have infringed, and continue to infringe, contribute to infringement of, and/or induce infringement of, either literally or under the doctrine of equivalents, one or more claims of the '434 patent by making, using, offering to sell, and/or selling certain injector systems, including but not limited to injectors marketed under the name EmpowerMR.

Court Docket No. 1, Complaint at ¶¶ 10-12.

---

[1] There are only 14 allegation paragraphs in the entire Complaint and only paragraphs 10-12 relate to factual allegations regarding Defendants' products and the alleged infringement.

As set forth above, Plaintiffs' Complaint alleges that Defendants "make, use, offer to sell and/or sell a ***power injector*** under the name EmpowerMR." Court Docket No. 1, Complaint at ¶10 (emphasis added). However, standing alone, the EMPOWERMR injector is not alleged to infringe the '434 patent. Instead, Plaintiffs allege in paragraph 11 of the Complaint that Defendants install the EmpowerMR injector in an unnamed third party's magnetic resonance imaging ("MRI") suites and/or systems. Plaintiffs then allege in paragraph 12 of the Complaint that Defendants infringe the '434 patent by "making, using, offering to sell, and/or selling certain ***injector systems***, including but not limited to injectors marketed under the name EmpowerMR." Court Docket No. 1, Complaint at ¶12 (emphasis added).

First of all, the act of installing one component of a larger multi-component system is not a direct act of infringement of that larger system. Defendants manufacture and/or sell an injector; they do not manufacture, use, sell or offer for sale a multi-component system or suite as is claimed by the patent-in-suit. Nor do Plaintiffs allege that Defendants make, use or sell the claimed multi-component system. Thus, Plaintiffs have failed to allege that Defendants make, use or sell a product embodying the patent. In fact, an allegation of such a nature by Plaintiffs would be absurd since the claims of the patent do not cover an injector and as Plaintiffs know, Defendants do not manufacture, use, or sell the "system" or "suite" as recited in the patent-in-suit.[2]

The independent claims of the patent are set forth below and, as is evident from their face, the claims cover multi-component systems, only one minute portion of which is an injector.

> Claim 1: A power injector system for use with a magnetic resonance imaging system installed at least in part within an electromagnetic interference shielded room electrically accessible via a penetration panel, the power injector system comprising: a power head and power control unit adapted for operation within the shielded room

[2] Plaintiffs are well aware of Defendants' products since they have sued Defendants alleging the same product infringes another LF patent in the Eastern District of Texas.

to controllably inject a compound into a patient; a power supply for operation outside the shielded room to receive utility electrical power; and a power connection configured to couple electrical power through the penetration panel between the power supply outside of the shielded room and the power control, the power connection comprising a radio frequency filter reducing radio frequency electrical energy carried through said power connection.

Claim 8: A method of connecting a battery-powered magnetic resonance (MR) injector system in a shielded magnet room to a remote power supply, the method comprising: placing a power supply outside of the shielded magnet room, the power supply coupled to an AC outlet for electrical power; providing shielded cables having conductors adapted for electrical power transmission, wherein one cable positioned outside the magnet room couples the power supply to a penetration panel and the other cable positioned inside the magnet room couples the power from the power supply from the penetration panel the MR injector system, providing a radio frequency filter at the penetration panel reducing radio frequency electrical energy carried through at least one conductor of at least one of said shielded cables; and connecting a power control of the MR injector system in said shielded magnet room to conductors of the shielded cables so that power from said power supply is provided to components of said injector system that previously received only battery power

Claim 12: A medical imaging suite comprising: a shielded room having walls that include electromagnetic shielding; an AC power outlet located outside the room; a magnetic resonance imaging system comprising a magnet that is located inside the room; and a power injector system comprising: a power head and power control located inside the room; a power supply located outside the room, the power supply accessing and receiving power from the AC power outlet; and a power connection configured to convey electrical power from the power supply, through a wall of the room, and to the power control, wherein the power connection comprises a radio frequency filter.

Claim 18: A medical imaging suite comprising: a shielded room having walls that include electromagnetic shielding; an AC rower outlet located outside the room; a magnetic resonance imaging system comprising a magnet that is located inside the room; and a power injector system comprising: a power head located inside the room; a power supply accessing and receiving power from the AC power outlet, wherein the power supply is located outside the room; and a power connection configured to convey electrical power from the power supply into the room and to the power head, wherein the power connection comprises a radio frequency filter.

Claim 28: A method of operation for a magnetic resonance imaging suite, the method comprising: a power supply of a magnetic resonance injector system receiving electrical power from an AC power outlet, wherein the power supply and the AC power outlet are located outside of a shielded room of the magnetic resonance imaging suite, and wherein the shielded room includes walls having electromagnetic shielding, conveying electrical power from the power supply of the magnetic resonance injector system into the shielded room via a power connection to a component of the magnetic resonance injector system located inside the shielded

> room, wherein at least a magnet of a magnetic resonance imaging system is located inside the shielded room; and filtering radio frequency energy emitted from the power connection during the conveying.

Court Docket No. 1, Ex. 1.

Thus, Plaintiffs have failed to allege a cause of action for direct infringement of the '434 patent by the making, using or selling of the EMPOWERMR injector. The EMPOWERMR injector simply does not and cannot embody the claims of the patent-in-suit and Plaintiffs have made no allegations to that effect. As set forth above, the factual allegations of the Complaint only allege that Defendants sell an injector and the injector is installed in a system or suite. Plaintiffs do not allege that the Defendants' injector alone infringes the patent-in-suit, nor can they because the patent-in-suit does not claim merely an injector. Thus, Plaintiffs have failed to allege an essential element of a claim for direct infringement of a patent, namely that "defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent." Thus, plaintiffs have failed to state a claim for direct infringement upon which relief can be granted.

**C. Claim for Inducing Infringement**

Inducement of infringement occurs whenever someone "actively induces infringement of a patent." 35 U.S.C. § 271(b). Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Proof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement. *See Water Technologies v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) (holding intent is necessary); *Hewlett-Packard Co. v. Bausch & Lomb Inc*., 909 F.2d 1464, 1469 (Fed. Cir. 1990) (actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding inducement).

In order to establish a claim for inducing infringement, a plaintiff must prove the following elements:

> (1) an inducer's knowledge of the asserted patent; (2) the presence of infringement by the third party allegedly induced; (3) an inducer's actual intent to cause the acts which he knew or should have known would induce actual infringement; and (4) the commission of an act that constitutes inducement, not merely the power to act or the failure to act.

*TI Group Automotive Sys.*, 2002 WL 484839, at *2 (D. Del. Mar. 7, 2002)(citation omitted)(dismissing claim for inducement of infringement).

Case law is very clear that to successfully plead inducement of infringement, specific intent must be alleged. Plaintiffs have failed to explicitly allege the requisite intent necessary to set forth a claim for inducement of infringement. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990); *Ristvedt-Johnson, Inc*, 1991 WL 255691, at **4-5 (bald assertion of inducement without allegation of facts to support it does not meet the pleading requirements); *Catapano v. Wyeth Ayerst Pharm., Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y. 2000) (claim dismissed because no allegation of specific intent to induce infringement); *Shearing v. Optical Radiation Corp.*, 1994 WL 38244, at *2 (dismissing complaint that failed to make allegations of the "inducer knowingly and with specific intent encouraged that other's infringement"). As stated in *Shearing*, "[w]hile intent and knowledge need only be averred generally, such *must* be averred." *Shearing*, 1994 WL 38244, at *2 (citation omitted). Here, Plaintiffs have completely failed to make any allegation of any intent by Defendants in their Complaint and thus the claim must be dismissed.

Further, another essential element of a claim for inducement of infringement is defendant's knowledge of the patent that is alleged to be infringed. *See DSU Med. Corp., Ltd. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (citation omitted) ("requirement that the alleged infringer knew or should have known his actions would induce infringement necessarily includes the requirement that he or she knew of the patent"); *Manville*, 917 F.2d at 553; *Triune Star*,

*Inc. v. Walt Disney Co.*, No. 07-1256, 2008 WL 3849913, at *4 (C.D. Ill. Aug. 14, 2008) (dismissing complaint).

Plaintiffs fail to allege that Defendants had knowledge of the patent-in-suit. In fact, Defendants could not have had the requisite knowledge to induce infringement because the patent-in-suit only issued on March 31, 2009. The Complaint was filed on April 4, 2009 and served thereafter. Since Defendants could not have had knowledge of the patent-in-suit, and Plaintiffs fail to allege a necessary element of a cause of action for a claim of inducing infringement, the claim of inducement of infringement must be dismissed for a failure to state a claim upon which relief can be granted. There simply can be no intent to induce infringement if there is no knowledge of the patent. Thus, Plaintiffs have failed to allege all the essential elements of a claim for inducement of infringement and thus the claim must be dismissed for failure to state a claim upon which relief can be granted.

**D. Claim for Contributory Infringement**

Plaintiffs attempt to allege in their complaint that the manufacture, use, sale or offer for sale of the EMPOWERMR injector constitutes contributory infringement. Contributory infringement occurs whenever someone:

> sells a component of a patented machine, manufacture, combination or composition, or material apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

35 U.S.C. § 271(c) (emphasis added).

A requisite element of a claim of contributory infringement is that the defendants had specific knowledge that its activity would cause infringement. Case law specifically establishes that a claim for contributory infringement under 35 U.S.C. § 271(c) requires not only knowledge that the component was especially made or adapted for a particular use but also ***knowledge of the***

***alleged infringed patent***. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (section 271(c) requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing"); *Hewlett-Packard Co.*, 909 F.2d at 1468-69 n.4 ("271(c) requires not only knowledge that the component was especially made or adapted for a particular use but also knowledge of the patent which proscribed that use.").

As set forth above, the patent-in-suit in this action issued on March 31, 2009, less than one month ago, and four days before the Complaint was filed. There are no allegations in the Complaint that Defendants had knowledge of this recently-issued patent, nor that Plaintiffs provided any notice to Defendants of the recently-issued patent prior to the filing of the Complaint (nor of the pending patent application prior to issuance), nor even that on information or belief that Defendants had notice of the patent. Thus, without such knowledge, Defendants cannot be contributory infringers. Since Plaintiffs fail to allege a necessary element of a cause of action for a claim of contributory infringement, the claim of contributory infringement must be dismissed for a failure to state a claim upon which relief can be granted. *See MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201-02 (D. Mass. 1999) (denying plaintiff request to amend complaint to add claim of contributory infringement because the proposed new claim failed to set forth factual allegations for each material element necessary to sustain recovery).

Thus, none of the three theories of infringement enumerated by Plaintiffs in the Complaint have been adequately pleaded. Plaintiffs have failed to state a claim upon which relief can be granted on any theory of patent infringement and thus, the complaint must be dismissed.

## V. CONCLUSION

For all the reasons set forth above, Plaintiffs have failed to state a claim for infringement of the '434 patent upon which relief can be granted, and thus the Complaint is defective and must be dismissed in its entirety. Should the Court not dismiss the Complaint in its entirety, Defendants respectfully request that the Court transfer this action to the District Court in the Eastern District of Texas, where these same Plaintiffs have sued these same Defendants accusing the same injector product of infringing another one of their patents. A Motion to Transfer and supporting memorandum in support thereof has been filed under separate cover.

Dated: April 24, 2009

*/s/ Mary B. Matterer*

**MORRIS JAMES LLP**
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801-1494
(302) 888-6960
rherrmann@morrisjames.com
mmatterer@morrisjames.com

**ALSTON & BIRD LLP**
Philippe Bennett
90 Park Avenue
New York, New York 10016
(212) 210-9400
philippe.bennett@alston.com

*Attorneys for Defendants E-Z-EM, Inc. and ACIST Medical Systems, Inc.*