IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


MALLINCKRODT INC. and            :
LIEBEL-FLARSHEIM COMPANY          :
                                 :
            Plaintiffs,          :
                                 :
        v.                       :    C.A. No. 09-228-JJF
                                 :
E-Z-EM INC. and ACIST MEDICAL    :
SYSTEMS, INC.                    :
                                 :
            Defendants.          :

---

Robert G. Krupka, Esquire; Guy Ruttenberg, Esquire; and Allison
Buchner, Esquire of KIRKLAND & ELLIS LLP, Los Angeles,
California.
Melanie K. Sharp, Esquire, and Megan C. Haney, Esquire of YOUNG,
CONAWAY, STARGATT & TAYLOR, Wilmington, Delaware.

Attorneys for Plaintiffs.

Philipe Bennett, Esquire, and William H. Baker, Esquire of ALSTON
& BIRD LLP, New York, New York.
Richard K. Herrmann, Esquire and Mary B. Matterer, Esquire of
MORRIS JAMES LLP, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

November 20, 2009
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court are the following motions filed by Defendants E-Z-EM, Inc. and ACIST Medical Systems, Inc.: 1) Motion To Dismiss For Failure To State A Claim Under Federal Rule of Civil Procedure Rule 12(b)(6)(D.I. 7); and 2) Motion To Transfer Action Pursuant To 28 U.S.C. §1404(a) (D.I. 9). For the reasons discussed, the Motion to Transfer will be denied, and the Motion to Dismiss will be granted in part and denied in part. Specifically, the Motion to Dismiss will be granted as to the indirect infringement claims, but denied as to the direct infringement claim. Plaintiffs will be given leave to amend.

I. **BACKGROUND**

On April 4, 2009, Plaintiffs Mallinckrodt Inc. ("Mallinckrodt") and Liebel-Flarsheim Company ("Liebel-Flarsheim")(collectively, "Plaintiffs") filed suit in this Court against Defendants E-Z-EM, Inc. ("E-Z-EM") and ACIST Medical Systems, Inc. ("ACIST")(collectively, "Defendants"). (D.I. 1.) Plaintiffs allege Defendants are infringing U.S. Patent No. 7,512,434 (the "'434 Patent"), which was issued on March 31, 2009. (Id. at 2.) The '434 Patent relates to remotely powered magnetic resonance ("MR") injectors, and the accused device is E-Z-EM's EmpowerMR injector system. (D.I. 26, at 6.)

The parties to the present action are also involved in ongoing litigation in the Eastern District of Texas. (Id. at 5.) Plaintiffs filed a patent infringement suit against Defendants on

June 20, 2007 in the Eastern District of Texas (the "Texas Action") alleging infringement of U.S. Patent No. 5,868,710 (the "'710 Patent"). (Id.) The accused devices in the Texas Action are the EmpowerCT and EmpowerCTA injector systems, which are used in connection with computerized tomography ("CT") procedures (D.I. 10, at 5), as well as the EmpowerMR injector system (D.I. 26, at 20). Discovery has begun in the Texas Action, with a Markman hearing scheduled for January 2010, and a trial scheduled for June 2010. (Id. at 6.) On April 24, 2009, Defendants filed a declaratory judgment action in the Eastern District of Texas seeking declarations of non-infringement and invalidity of the '434 Patent. (DI. 27, Ex. 1.) On the same day, Defendants concurrently filed the pending Motion to Transfer ( D.I. 9) and Motion to Dismiss (D.I. 7) in this Court.

All four parties to the present action are incorporated in Delaware. (D.I. 10, at 2.) E-Z-EM maintained a principal place of business on Long Island, NY until 2008, when ACIST acquired all rights, titles and interests of E-Z-EM, including the property and assets which are the subject of the Texas Action and the present action. (Id. at 3.) ACIST's principal place of business is Eden Prairie, MN. (Id.) Liebel-Flarsheim is a wholly owned subsidiary of Mallinckrodt, and is the assignee of the '434 Patent. (D.I. 26, at 4.) Liebel-Flarsheim is headquartered in Cincinnati, OH, and Mallinkrodt maintains its

principal place of business in Hazelwood, MO. (Id.)

## II. Defendants' Motion To Dismiss For Failure To State A Claim Under Federal Rule Of Civil Procedure Rule 12(b)(6)

### A. Parties' Contentions

By its Motion, Defendants contend this action should be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs have failed to allege essential elements and sufficient facts to meet the minimum pleading requirements for a patent infringement claim. (D.I. 8, at 1.) With regard to the direct patent infringement claim, Defendants contend that Plaintiffs did not, and cannot, allege that Defendants have infringed the patent "by making, selling, and using [the device] embodying the patent." (Id. at 5.) Specifically, Defendants contend that the EmpowerMR injector, standing alone, is not alleged to infringe the '434 Patent because its claims cover multi-component systems, of which an injector is only one portion. (Id. at 6.) Further, Defendants contend that they do not manufacture or sell this multi-component system. (Id.)

With regard to the inducement of infringement claim, Defendants contend that Plaintiffs have failed to meet minimum pleading requirements by not explicitly alleging the requisite intent, and by failing to allege that Defendants had knowledge of the patent-in-suit. (Id. at 9-10.) With regard to the claim for contributory infringement, Defendants also contend that

3

Plaintiffs' failure to allege Defendants' knowledge of the '434 Patent equates to a failure to state a claim upon which relief can be granted. (Id. at 11.)

Plaintiffs first respond that an allegation that Defendants have infringed the patents by "making, selling, and using the device embodying the patent" was made in paragraph 12 of the Complaint. Plaintiffs further contend that, although Defendants only manufacture the EmpowerMR injector (and not all components of the multi-components systems claimed in the '434 Patent), Defendants assemble and configure the components so as to make an infringing suite. (D.I. 28, at 4-5.) With regard to the inducement of infringement claim, Plaintiffs contend they have stated a claim upon which relief can be granted because intent to induce infringement need not be explicitly pleaded, as that element can be proven through circumstantial evidence. (Id. at 6.) Plaintiffs contend that public records demonstrate Defendants' awareness of the '434 Patent, and moreover, that Defendants obtained the requisite knowledge of the '434 Patent from the filing of the Complaint. (Id. at 7-8.) For the same reasons, Plaintiffs further contend that the Complaint sufficiently states a claim for contributory infringement. (Id. at 8-9.)

B. **Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

4

a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Assuming the factual allegations are true, even if doubtful in fact, the "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombley, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombley, 550 U.S. at 570.

### C. Discussion

The Court concludes that Plaintiffs' Complaint sufficiently states a claim for direct infringement, and to that extent, Defendants' Motion will be denied. "[A] patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend," and is "not required to specifically include each element of the claims of the asserted patent." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007). Direct infringement claims are governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention. . . during the term of the patent therefor, infringes the patent." In McZeal, the plaintiff sufficiently pleaded a cause of action for direct infringement when the Complaint: 1) asserted plaintiff's ownership of the patent-in-suit; 2) named defendants; 3) cited the patent-in-suit as allegedly infringed; 4) described the means by which defendant allegedly infringed; 5) pointed to the specific patent law invoked; and 6) identified the allegedly infringing product manufactured and distributed by defendants. McZeal, 501 F.3d at 1356-57; see also Fed. R. Civ. P. Form 18

6

(2007) (setting forth a sample complaint for direct patent infringement that states the following elements: 1) an allegation of jurisdiction; 2) a statement that plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent; 4) a statement that plaintiff has given defendant notice of its infringement; and 5) a demand for an injunction and damages).

Plaintiffs' Complaint clearly alleges jurisdiction (D.I. 1, at ¶¶5-6), asserts Plaintiffs' ownership of the patent-in suit (id. at ¶8), and cites the patent-in-suit as allegedly infringed (id. at ¶12). Defendants note that Plaintiffs do not allege that Defendants' injector alone infringes the '434 Patent, but in the Court's view, the Complaint does plead sufficient facts to put Defendants on notice of what they must defend. Paragraph 12 of the Complaint alleges, "Defendants have infringed . . . one or more claims of the '434 Patent by making, using, offering to sell, and/or selling certain injector systems, *including but not limited to* injectors marketed under the name EmpowerMR." (Id.)(emphasis added). Moreover, Paragraph 11 describes the means by which Defendants are allegedly infringing: "Defendants install their EmpowerMR injector in magnetic resonance imaging ("MRI") suites" and configure those suites in an allegedly infringing manner. (See id. at ¶11.) Although Defendants repeatedly contend they do not make, use, or sell such MRI suites

7

(D.I. 8, at 6), factual determinations are not appropriate at this stage of the litigation. Accordingly, the Court finds that Plaintiffs' Complaint is plausible on its face and does state a direct infringement claim upon which relief can be granted.

However, the Court concludes that Plaintiffs have failed to properly state indirect infringement claims. Claims for indirect infringement cannot exist in the absence of direct infringement. See, e.g., Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004). In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement, then establish that the "defendant possessed the requisite knowledge or intent to be held vicariously liable." Id. at 1273.

The Court finds that Plaintiffs' Complaint fails to sufficiently allege the requisite intent and knowledge needed to state a claim for inducing infringement. Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." Liability for inducing infringement requires "that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1304 (Fed. Cir. 2006)(en banc) (citing Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 554 (Fed. Cir. 1990)). "The requirement that the alleged infringer knew or

should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." Id.

Plaintiffs' Complaint does not specifically allege that Defendants had knowledge of the '434 Patent at the time they were committing the allegedly infringing activities set forth in Paragraph 11. Nor does Paragraph 11 contain sufficient facts on which the Court can reasonably infer an allegation that Defendants possessed such knowledge.[1] Further, Plaintiffs do not specifically allege any intent to induce infringement. Even when viewed in the light most favorable to Plaintiffs, the Complaint does not plead sufficient facts to permit a reasonable inference that Defendants' actions explicitly or implicitly induced anyone to use the allegedly infringing device. Accordingly, the Court concludes that Plaintiffs have failed to state a claim for inducing infringement.

Under 35 U.S.C. § 271(c), contributory infringement is established if the alleged infringer:

---

[1] The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint. (D.I. 28, at 7.) In support of this contention, Plaintiffs cite SEB, S.A. v. Montgomery Ward & Co., Inc., 412 F. Supp. 2d 336 (S.D.N.Y. 2006). However, this case involves a summary judgment motion, not a motion to dismiss. Therefore, the issue being discussed in that case is not whether a party properly pleaded the requisite knowledge requirement for an inducing infringement claim, but rather, whether a jury could conclude that the allegedly infringing party actually possessed the requisite knowledge. See SAB, S.A., 412 F. Supp. 2d at 344.

9

> sells a component of a patented [device] . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

Liability for contributory infringement requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 488 (1964). As discussed above, Plaintiffs' Complaint fails to sufficiently plead that Defendants had knowledge of the '434 Patent, and accordingly, the Court finds that Plaintiffs have also failed to state a claim for contributory infringement.

**III. Defendants' Motion to Transfer Action Pursuant to 28 U.S.C. §1404(a)**

    **A. Parties' Contentions**

By its Motion, Defendants contend that this case should be transferred to the United States District Court for the Eastern District of Texas because an earlier filed patent infringement suit is currently pending there. (D.I. 10, at 1.) Defendants contend that because the Texas Action involves the same parties and similar technology, and is asserted against the same product, the interests of justice and judicial economy require transfer. (Id. at 9.) In particular, Defendants note that the Texas Action and the present action will share numerous, complex damages

issues which require "a thorough understanding of the very same areas of medical injector technology." (Id. at 11.) Defendants further contend that the private interest factors favor transfer. (Id. at 13.) Namely, Defendants argue that Plaintiffs have little connection to Delaware and are forum shopping, that the claim arose outside of Delaware, and that Delaware is not a convenient forum for the parties. (Id. at 13-15.) As a relatively small company, Defendants claim that litigating in two separate forums is burdensome for them. (Id. at 15.)

In response, Plaintiffs contend that the public interest factors are at best neutral. (D.I. 26, at 16.) Plaintiffs contend that Delaware has an interest in litigation involving companies incorporated in Delaware, and that docket congestion in the Eastern District of Texas mitigates against transfer. (Id. at 17.) Plaintiffs dispute Defendants' contention that judicial economy favors transfer, arguing that even if transferred, the present action is unlikely to be consolidated with the Texas Action. (Id. at 18-19.) Moreover, Plaintiffs contend that the technology underlying the '434 Patent and the '710 Patent are actually quite different, except for the fact that they generally involve injectors. (Id. at 19.) Neither do the private interest factors weigh in favor of transfer, according to Plaintiffs. Plaintiffs contend that the claim did not arise in the Eastern District of Texas, and that Defendants have not identified any

parties or witnesses who would be inconvenienced if the case were to proceed in this District. (Id. at 13-14.)

Plaintiffs further contend that Defendants have not even met the threshold requirement of transfer: demonstrating that the present action could have been brought in the Eastern District of Texas. (Id. at 7.) Plaintiffs argue that Defendants have not sufficiently proven the Eastern District of Texas is a proper venue, in that Defendants have not contended that any of the parties have a regular place of business there, that any of the events giving rise to the claim arose there, or that the accused product was even sold there. (Id. at 8-9.) Defendants respond that venue is proper in the Eastern District of Texas, and that Plaintiffs have already sued Defendants for alleged patent infringement for sale of the same product in that District. (D.I. 30, at 2.) Defendants further contend that they admitted venue was proper in the Texas Action. (Id. at 2-3.)

**B. Legal Standard**

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir.

12

1995). Courts consider the following private interests: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879. Courts consider the following public interests: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. Id. at 879-80. A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. Cont'l Cas. Co. v. Am. Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999).

### C. Discussion

As a threshold matter, the Court concludes that the present action could have been brought in the Eastern District of Texas. The party moving for transfer bears the burden of proving that the action properly "could have been brought in the transferee district" in the first instance. Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 762 (D. Del. 1991). Plaintiffs correctly note that Defendants' Opening Memorandum in

13

support of this Motion does not explicitly address whether venue is proper in the Eastern District of Texas. (See D.I. 10.) However, EmpowerMR is one of the accused devices in the Texas Action, and in their Answer to Plaintiffs' Amended Complaint in the Texas Action, Defendants admitted they "voluntarily conducted business and sold [allegedly] infringing products in the Eastern District of Texas, including advertising, marketing, selling, and distributing [allegedly] infringing injector systems in the Eastern District of Texas." (See D.I. 31, Ex. B at ¶7; Ex. D at ¶7.) Accordingly, the Court is satisfied that the Eastern District of Texas could have been a proper forum for this action.

Upon reviewing the parties' arguments and the private and public interest factors outlined in Jumara, the Court concludes that transfer to the Eastern District of Texas is not warranted. First, the private interest factors mitigate against transfer to the Eastern District of Texas. Generally, a plaintiff's choice of forum is entitled to "paramount consideration," and should not lightly be disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). Defendants contend that Plaintiffs' choice of forum is due little weight because Delaware is not its "home turf." (D.I. 10, at 13-15.) However, Plaintiffs' decision to litigate in Delaware is still accorded significant deference because Plaintiffs' choice of Delaware as a forum relates to their legitimate, rational concerns as Delaware corporations.

See, e.g., Amgen, Inc. v. Ariad Pharm., Inc., 513 F. Supp. 2d 34, 45 (D. Del. 2007) (citations omitted) ("a corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state"); see also Waste Distillation Tech., 775 F. Supp. at 764 ("if the plaintiff's choice of forum relates to its legitimate, rational concerns then the plaintiff's choice of forum is still accorded substantial weight"). While Defendants' preferred forum is clearly the Eastern District of Texas, when a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware. See, e.g., Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 821 F. Supp. 962, 965 (D. Del. 1993).

The remaining private interest factors either weigh against transfer, or are neutral. Defendants contend that the infringement claim arose either in New York (where the accused product was designed, manufactured, and sold), or in Ohio (where the accused product was conceived and where Liebel-Flarsheim has its principal place of business) or in any one of various states where the EmpowerMR injector has been sold. (D.I. 10, at 15.) However, in the Court's view, such speculation as to where the claim arose does not weigh in favor of transfer. Further, neither the convenience of the parties, the convenience of the

15

witnesses, nor the location of books and records weighs in favor of transfer. Defendants contend that litigating in both this District and the Eastern District of Texas imposes an unfair burden on them as small companies (id.), yet all parties are incorporated in Delaware (id. at 2), and none have a principal place of business in the Eastern District of Texas (id. at 2-3; D.I. 26, at 4). Moreover, a "transfer is not warranted simply because the transferee court is more convenient for defendants." Nice Sys., Inc. v. Witness Sys., Inc., C.A. No. 06-311-JJF, 2006 WL 2946179, at *2 (D. Del. Oct. 12, 2006) (citing Ballard Med. Prod. v. Concord Laboratories, Inc., 700 F. Supp. 796, 801 (D. Del. 1988)). With regard to the convenience of the witnesses, Defendants have failed to identify any potential witnesses who would be unable to testify in this District. With regard to the location of books and records, Plaintiffs contend that it is more efficient and economical to litigate in only one district, yet they again fail to identify any particular books or records that would be unavailable for transport to Delaware, or that would be too burdensome to transport to Delaware. Accordingly, the Court finds that Defendants have failed to demonstrate that the private interest factors strongly weigh in favor of transfer.

In addition, the Court concludes that the public interest factors do not favor transfer strongly enough to grant Defendants' Motion. Because the parties do not argue them, the

following factors are neutral: the enforceability of the judgment; public policies of the fora; and the trial judge's familiarity with the applicable state law. The Court finds there are no significant congestion differences between this District and the Eastern District of Texas, and thus, this factor is also neutral with regard to transfer. (See D.I. 30, at 7-8.) Further, Delaware does have an interest in the controversy because "Delaware has an interest in litigation regarding companies incorporated within its jurisdiction." Ace Capital v. Varadam Found., 392 F. Supp. 2d 671, 676 (D. Del. 2005).

Defendants' primary contention is that, due to the pending Texas Action, the interests of justice favor transfer.[2] (D.I. 10, at 8-13.) In an instance where related litigation in a transferee forum involves the same parties, similar technologies, and a common field of prior art, this Court has previously held that transfer is appropriate in the interests of justice. See Cashedge, Inc. v. Yodlee, Inc., C.A. No. 06-170-JJF, 2006 WL 2038504, at *2 (D. Del. Jul. 12, 2006). The present action and the Texas Action indisputably involve the same parties. The '710

---

[2]In its consideration of related litigation, the Court will only look to Plaintiffs' previously-filed infringement claim concerning the '710 Patent in the Eastern District of Texas. Because it is a later-filed action, the Court will not consider the declaratory judgment action Defendants brought against Plaintiffs in the Eastern District of Texas when weighing transfer. See E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (describing generally the application of the first-filed rule).

Patent and the '434 Patent share two of the same inventors, but they are not part of the same patent family (D.I. 26, at 19), and the applications were filed years apart. EmpowerMR, the accused device in the present action, is also one of several accused devices in the Texas Action. (Id. at 19-20; D.I. 30, at 6.) Beyond this established point, though, the extent to which the cases involve a common field of prior art and/or similar technologies is unclear. (Compare D.I. 26, at 19-20 (Plaintiffs contending that while both patent generally involve injectors, the technology is very different because the '710 Patent relates to injectors with "tilt sensor[s]," while the 434 Patent specifically relates to MR injector systems) with D.I. 30, at 6-7 (Defendants contending that the EmpowerMR device is accused of infringing claims covering power injectors or power injector systems in both the '710 and '434 Patents).) Accordingly, the Court is not persuaded that the present action is so related to the Texas Action that a transfer is required in the interests of justice.

    In sum, the Court declines to transfer this action pursuant to 28 U.S.C. § 1404(a) because Defendants have not met their burden of proving that the private and public interest factors strongly weigh in favor of transfer, and as a result, Plaintiffs choice of forum must prevail.

## IV. Conclusion

For the reasons discussed, Defendants' Motion To Dismiss For Failure To State A Claim Under Federal Rule of Civil Procedure Rule 12(b)(6)(D.I. 7) is granted in part and denied in part. Specifically, the Motion To Dismiss is granted as to the indirect infringement claims, but denied as to the direct infringement claim. Plaintiffs will be given 20 days to amend their complaint as to the indirect infringement claims. Defendants' Motion To Transfer Action Pursuant To 28 U.S.C. §1404(a) (D.I. 9) is denied.

An appropriate Order will be entered.