IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MALLINCKRODT INC. and           :
LIEBEL-FLARSHEIM COMPANY        :
                                :
            Plaintiffs,         :
                                :
       v.                       :   C.A. No. 09-228-JJF
                                :
E-Z-EM INC. and ACIST MEDICAL   :
SYSTEMS, INC.                   :
                                :
            Defendants.         :

Robert G. Krupka, Esquire; Guy Ruttenberg, Esquire; and Allison Buchner, Esquire of KIRKLAND & ELLIS LLP, Los Angeles, California.
Melanie K. Sharp, Esquire, and Megan C. Haney, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR, Wilmington, Delaware.

Attorneys for Plaintiffs.

Philippe Bennett, Esquire, and William H. Baker, Esquire of ALSTON & BIRD LLP, New York, New York.
Richard K. Herrmann, Esquire and Mary B. Matterer, Esquire of MORRIS JAMES LLP, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

December 3, 2009
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court are Plaintiffs Mallinckrodt Inc. and Liebel-Flarsheim Company's Motion For Leave To File First Amended And Supplemental Complaint (D.I. 50) and Defendants E-Z-EM, Inc. and ACIST Medical Systems, Inc.'s Motion To Strike (D.I. 54). For the reasons discussed, Plaintiffs' Motion For Leave To File First Amended And Supplemental Complaint will be granted, and Plaintiffs Mallinckrodt Inc. And Liebel-Flarsheim Company's First Amended And Supplemental Complaint, attached as Exhibit A to the Motion, shall be deemed filed. Defendants' Motion To Strike will be denied as moot.

**I. Background**

The relevant background of this action is set forth fully in the Court's November 20, 2009 Memorandum Opinion (D.I. 60). Plaintiffs filed the pending Motion For Leave To Filed First Amended And Supplemental Complaint ("Motion To Amend") on July 23, 2009.

**II. Parties' Contentions**

By it Motion To Amend, Plaintiffs seek to amend the Complaint with regard to facts occurring prior to its filing, and to supplement the Complaint to set forth factual allegations which occurred after its filing. (D.I. 50, at 2.) Plaintiffs note that the case is still in the early stages of litigation, and contend that leave to amend should be freely given because there has not been undue delay in seeking to amend, and because

the proposed Amended and Supplemental Complaint is not sought in bad faith, is not futile, and will not cause Defendants undue prejudice. (Id.)

Defendants contend that Plaintiffs' Motion To Amend amounts to a "transparent attempt" to fix deficiencies in the initial Complaint which were brought to light by Defendants' Motion To Dismiss (D.I. 51, at 1), and raise two primary arguments in opposition to this Motion. First, Defendants assert that any amendment should not relate back to the date of the initial Complaint. (Id. at 10.) In support of this contention, Defendants argue that Plaintiffs proposed Amended and Supplemental Complaint contains allegations of new acts and conduct, particularly allegations of acts and conduct relating to Plaintiffs' inducement of infringement and contributory infringement claims, which cannot relate back under Rule 15(c) of the Federal Rules of Civil Procedure. (Id.) Defendants contend that these allegations of new acts and conduct are not made for the purpose of rendering the initial Complaint more definite, but rather, for the purpose of remedying a materially defective pleading. (Id.) Defendants further contend that the initial Complaint provided inadequate notice of such acts and conduct. (Id.)

Second, Defendants contend that even with the allegations of new facts and conduct stated therein, Plaintiffs' proposed

2

Amended and Supplemental Complaint still fails to meet minimum pleading requirements for stating a claim for direct infringement. (Id. at 11.) Defendants also repeat contentions made in their Motion To Dismiss For Failure To State A Claim Under Federal Rule Of Civil Procedure (D.I. 7), and seem to generally assert that the proposed Amended and Supplemental Complaint fails to state a claim under Rule 12(b)(6). (D.I. 51, at 4-5.)

By their Motion To Strike, Defendants request that the Court strike Plaintiffs' Notice of Motion regarding Plaintiffs' Motion to Amend. (D.I. 54, at 1.) Defendants contend that Plaintiffs did not file the Notice until August 17, 2009, over three weeks after Plaintiffs filed their Motion To Amend. (Id. at 2.) As a result of this alleged non-compliance with the Court's Procedures for Filing Non-Case Dispositive Motions, Defendants contend that they were precluded from challenging the appropriateness of the September 17, 2009 hearing date. (Id. at 2-3.) Plaintiffs respond that the Motion To Amend was not initially noticed because Plaintiffs did not believe oral argument was necessary, but that Plaintiffs later filed a Notice of Motion for the next available Motion Day Hearing, September 17, 2009, at the Court's request. (D.I. 57, at 2-3.)

**III. Discussion**

The Court initially concludes that a relation-back analysis

3

is not necessary for resolution of this Motion. Defendants oppose relation-back of the proposed Amended and Supplemental Complaint because, if their Motion To Dismiss For Failure To State A Claim Under Federal Rule 12(b)(6) (D.I. 7) were granted, Defendants believe Plaintiffs would lose first-to-file status with respect to the declaratory judgment action filed by Defendants in the Eastern District of Texas involving the 434 patent.[1] (D.I. 51, at 1.) However, in the Court's view, Defendants basis for seeking to prevent relation-back is largely mooted by the Court's denial of dismissal with respect to the direct infringement claims. (D.I. 61; D.I. 65.)

The premise of Rule 15(c) is that a party may not claim protection of the statute of limitations against a "later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading." <u>Bensel v. Allied Pilots Ass'n</u>, 387 F.3d 298, 310 (3d Cir. 2004). Defendants do not raise any statute of limitations or timeliness issues with regard to Plaintiffs' Motion to Amend. Further, Defendants apparently do not contend that the Court's ability to grant leave to amend is

---

[1] Defendants have cited no authority for why first-to-file status, which will presumptively be determined by the Eastern District of Texas in the declaratory judgment action, is a relevant consideration for this Court in resolving the pending Motion To Amend.

4

somehow precluded by relation-back principles.² Accordingly, the Court does not believe that an analysis of relation-back principles is required to determine whether to grant leave to amend in this instance.

The Court will permit amendment of the Complaint. Although Plaintiffs sought leave of the Court to amend, they could have amended the initial Complaint as a matter of right. Plaintiffs may amend their Complaint once as a matter of right if a responsive pleading has not been filed. Fed. R. Civ. P. 15(a)(1)(A).³ It is clearly established in the Third Circuit that a motion to dismiss is not a responsive pleading. See e.g., Kelly v. Delaware River Joint Comm'n, 187 F.2d 93, 94 (3d Cir. 1951); Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007). Thus, Plaintiffs' Motion To Amend was filed before Defendants made a responsive pleading, and Plaintiffs are generally entitled to amend their Complaint. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (internal

---

²Stated another way, even if the proposed Amended and Supplemental Complaint does not relate-back to the date of the initial Complaint, Defendants present no cogent argument for why the Court could not grant leave to amend anyway.

³Effective December 1, 2009, Rule 15 of the Federal Rules of Civil Procedure has been amended. As amended, Rule (a)(1) provides that a party may amend a pleading once as a matter of course within (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

5

citations omitted)("A motion to dismiss for failure to state a claim must be made 'before pleading if a further pleading is permitted.' Thus, in the typical case in which a defendant asserts that failure to state a claim by motion, the plaintiff may amend the complaint once 'as a matter of course' without leave of the court.")

Alternatively, in the event that Plaintiffs' filing for leave to amend requires the Court to treat this as a case in which leave is required,[4] the Court concludes that Plaintiffs should be given leave to amend. The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Amendment should be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants do not explicitly

---

[4] In Centifrani v. Nix, 865 F.2d 1422 (3d Cir. 1989), the plaintiff filed a motion for leave to amend subsequent to defendants' motion to dismiss. The Third Circuit noted that the motion to dismiss was not a responsive pleading, and accordingly, the plaintiff was entitled to amend his complaint as a matter of course. Centifrani, 865 F.2d at 1431. However, the plaintiff did file a motion for leave to amend, and "[a]ccordingly, [the Court] will treat this as a case in which leave of the court is required to amend." Id.

contend that Plaintiffs have acted in bad faith, or that amendment would be futile or result in undue prejudice. Instead, Defendants' arguments against amendment are essentially arguments that seek dismissal under Rule 12(b)(6), and accordingly, the Court will evaluate them as such. See Centifrani v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989)("the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)(stating amendment of a complaint is futile if it fails to state a claim upon which relief can be granted).

In order to survive a 12(b)(6) motion to dismiss, the factual allegations in a complaint, when assumed to be true, must "be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing

7

Twombley, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombley, 550 U.S. at 570.

Defendants' contend that the proposed Amended and Supplemental Complaint does not meet minimum pleading requirements for a direct infringement claim. However, Plaintiffs' initial Complaint sufficiently pled a direct infringement claim (see D.I. 60, at 6-8), and none of the proposed amendments alters this finding. Defendants do not specifically contend that the amended indirect infringement claims fail to meet minimum pleading requirements,[5] but it is unclear the extent to which their general contentions regarding failure to state a claim also apply to the indirect infringement claims.

In the Court's opinion, the indirect infringement claims contained in the proposed Amended and Supplemental Complaint would survive a motion to dismiss. Liability for inducing

---

[5] In fact, in their Answering Brief in Opposition to Plaintiffs' Motion to Amend Defendants state that "the only potential claims Plaintiffs can arguably allege here are claims for indirect infringement under 35 U.S.C. §§ 271(b) and (c)." (D.I. 51, at 11.)

infringement[6] requires "that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1304 (Fed. Cir. 2006)(en banc) (citing Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 554 (Fed. Cir. 1990)). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." Id. The proposed Amended and Supplemental Complaint sufficiently pleads Defendants' knowledge of the '434 patent in that it alleges that Defendants "became aware of the '434 patent on or shortly after the date of its issuance," and moreover, that Defendants

> were also aware of the subject matter of the '434 patent as early as October 16, 2007, when E-Z-EM filed with the United States Patent and Trademark Office an Information Disclosure Statement identifying certain prior art, including the application (No. 09/851,462) that resulted in the issuance of the '434 patent.

(D.I. 50, Ex. A, ¶10.) In addition, the proposed Amended and Supplemental Complaint sufficiently pleads that Defendants intended to induce infringing acts. (See id. ¶13 (alleging Defendants "actively induc[e] the making, use, offer for sale, sale, and/or import of" allegedly infringing injectors and

---

[6] 35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."

9

injector systems, "intend[ing] that others will use its injector systems in a manner that infringes the '434 patent").)

Liability for contributory infringement[7] requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 488 (1964). As discussed above, Plaintiffs' proposed Amended and Supplemental Complaint sufficiently pleads Defendants' knowledge of the '434 patent. Further, paragraph 14 of the proposed Amended and Supplemental Complaint specifically pleads that Defendants had knowledge that the component is "especially made or especially adapted for use in an infringement of the '434 patent." (D.I. 50, Ex. A, ¶14.) Accordingly, the Court concludes that the proposed Amended and Supplemental complaint sufficiently states claims for direct and indirect infringement.

In addition, the Court will permit supplementation[8] of the

---

[7] 35 U.S.C. § 271(c) provides that contributory infringement is established if the alleged infringer: "offers to sell or sells . . . a component of a patented [device] . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use."

[8] Plaintiffs' assertions in paragraphs 10 and 12 of the proposed Amended and Supplemental Complaint alleging knowledge based on information conveyed in the initial Complaint, and the continuation of infringement, contributory infringement and/or inducement of infringement after April 4, 2009, respectively, are

10

Complaint. Regardless of whether a responsive pleading has been filed, the Court's approval is required for "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The standard under Rule 15(d) is 'essentially the same' as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice." Micron Tech. v. Rambus Inc., 409 F. Supp. 2d 552, 558 (D. Del. 2006)(citations omitted). Defendants make no mention of the proposed supplementation in their opposition to Plaintiffs' Motion to Amend, and accordingly, the supplementation appears unopposed. Because Plaintiffs will be granted leave to amend, and Defendants make no contentions of undue delay or undue prejudice specific to the proposed supplementation, the Court will also allow supplementation of the Complaint.

In sum, the Proposed Amended and Supplemental Complaint would survive a motion to dismiss, and Defendants have not shown that Plaintiffs have sought amendment and supplementation in bad faith, or that permitting amendment and supplementation would result in undue prejudice to Defendants. Accordingly, the Court will grant Plaintiffs' Motion to Amend. Because the Court

---

clearly supplemental pleadings. See Fed. R. Civ. P. 15(d) ("a supplemental pleading set[s] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.")

11

declined to entertain Plaintiffs' Motion To Amend at the September 17, 2009 Motion Day Hearing, and instead decided the Motion To Amend on the papers submitted, Defendants' Motion To Strike Plaintiffs' Notice of Motion will be denied as moot.

## V.  Conclusion

For the reasons discussed, Plaintiffs' Motion For Leave To File First Amended And Supplemental Complaint (D.I. 50) will be granted, and Defendants' Motion To Strike (D.I. 54) will be denied as moot.

An appropriate Order will be entered.